IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY L. FORSTERLING

      Petitioner,           ORDER

  v.                   08-cv-111-bbc

RICK RAEMISCH, PETER HUIBREGTSE,
ELLEN RAY, STEVEN SCHELLER and
MARY MILLER,

      Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

  Petitioner Randy L. Forsterling, a prisoner at the Wisconsin Secure Program Facility in Boscobel, Wisconsin, has submitted a proposed complaint. Although he has not submitted a separate request for leave to proceed in forma pauperis, I understand him to making such a request because he has submitted a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his complaint.

  Because petitioner is a prisoner, he is subject to the 1996 Prisoner Litigation Reform Act. This means that before this court may decide whether he can proceed with his complaint in forma pauperis, petitioner will have to make an initial partial payment of the filing fee in the amount of $1.44 and the remainder of the fee in monthly installments even

if his request for leave to proceed is denied.  If petitioner does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.  This does not mean that petitioner is free to ask prison authorities to pay *all* of his filing fee from his release account.  The only amount petitioner must pay at this time is the $1.44 initial partial payment.  Before prison officials take any portion of that amount from petitioner's release account, they may first take from petitioner's regular account whatever amount up to the full amount petitioner owes.

As a separate matter, I note that the court has received correspondence from petitioner's father asking whether petitioner's filings are "legitimate" and whether he should send a check for the $350 filing fee as petitioner requests.  It is unclear what petitioner's father is asking when he asks whether the filings are "legitimate."  If he is asking whether petitioner's complaint has sufficient merit to proceed in federal court, that is a decision that will be made after petitioner pays the $1.44 initial partial payment.  As for petitioner's father's question whether payment of the full $350 filing fee is required at this time, it is not.  As noted above, all that is due now is the $1.44 partial fee assessed in this order.  Under the Prison Litigation Reform Act, petitioner will be able to pay the remainder of the fee in monthly installments as described in 28 U.S.C. § 1915(b)(2).

One last matter requires comment.  It is not this court's practice to respond to communications submitted in a case by non-parties to the action.  Therefore, I am not

responding to petitioner's father's communication directly. It will be up to petitioner to advise his father that he is under no obligation to pay petitioner's filing fee at this time.

ORDER

IT IS ORDERED that petitioner is assessed $1.44 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $1.44 on or before March 14, 2008. If, by March 14, 2008, petitioner fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to petitioner's filing his case at a later date.

Entered this 22nd day of February, 2008.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge