IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RANDY L. FORSTERLING,

                                                    ORDER
                        Petitioner,
                                                    08-cv-111-bbc
            v.

RICK RAEMISCH, PETER HUIBREGTSE,
ELLEN RAY, STEVEN SCHELLER and
MARY MILLER,

                        Respondents.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On March 20, 2008, I dismissed this action with prejudice for petitioner's failure to state a claim upon which relief may be granted.  The following day, the clerk of court entered a judgment of dismissal.  On April 3, 2008, petitioner filed a motion for reconsideration citing to both Fed. R. Civ. P. 59 and 60(b).

Once a case has been closed, a party seeking reconsideration of the order disposing of the case or the judgment may file one of two kinds of motions in the district court:  a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59, or a motion for relief from the judgment or order pursuant to Fed. R. Civ. P. 60.  The purpose of a Rule 59 motion is to direct the court's attention to newly discovered evidence or to a manifest error of law

1

or fact. <u>Bordelon v. Chicago School Reform Board of Trustees</u>, 233 F.3d 524, 529 (7th Cir. 2000).  Rule 60(b) provides relief when the judgment includes (1) a clerical mistake; (2) when new evidence is discovered; (3) when the judgment was obtained through fraud; (4) when the judgment is void; (5) when the judgment has been satisfied, released or discharged; or (6) any other reason that justifies relief.  Legal error is not a proper ground for relief under Rule 60(b).  <u>Gleash v. Yuswak</u>, 308 F.3d 758, 761 (7th Cir. 2002).  Because plaintiff argues both that the dismissal is an incorrect application of the law and that he has new evidence, I will address his motion under Rule 59.

Motions for reconsideration are not meant to enable a party to complete presenting his case after the court has ruled against him.  <u>Frietsch v. Refco, Inc.,</u> 56 F.3d 825, 828 (7th Cir. 1995).  Rather, "the purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings."  <u>Charles v. Daley</u>, 799 F.2d 343, 348 (7th Cir. l986).  It is not intended as an opportunity to reargue the merits of a case.  <u>Neal v. Newspaper Holdings, Inc.</u>, 349 F.3d 363, 368 (7th Cir. 2003).  Moreover, motions under Rule 59 must be filed within ten days of the entry of judgment.  Fed. R. Civ. P. 59(e).  If the motion is timely, the movant must "clearly establish" his grounds for relief.  <u>Romo v. Gulf Stream Coach, Inc.</u>, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001).

As noted earlier, petitioner's motion was received by the court on April 3, 2008.  The

2

10-day deadline following the March 21 date of entry of the judgment was April 4, 2008. (Holidays and weekends are not counted.)  Therefore, petitioner's motion was timely filed.

Petitioner challenges my determination that he failed to allege an objectively serious dental need.  He reargues that a failure to receive routine preventive dental check-ups can lead to "excessive build up of plaque in the arteries" which in turn can "lead to life threatening complications of the heart."  Petitioner's argument is just as unpersuasive the second time as it was the first.  As I stated before, "it would be an overstatement to consider that petitioner's allegations that he was denied routine check-ups for a period of six years presents a claim of a serious dental need, especially in light of petitioner's allegation that he brushes his teeth five times a day and flosses his teeth as well."  Petitioner does not present any new evidence that he is being precluded from caring for his teeth. In sum, he has failed to suggest any reason why it was legal error to conclude that respondents' failure to provide routine preventive dental check-ups does not rise to the level of a serious dental need.

Petitioner states that new evidence regarding the seriousness of his dental need was obtained in the form of a notice from the Wisconsin Department of Regulation and Licensing, Division of Enforcement.  According to petitioner, the notice informed him that his concerns regarding his dental treatment would be evaluated "to determine the most appropriate course of action."  Contrary to petitioner's contention, this "new evidence" does not provide any pertinent information regarding the seriousness of his dental need.

3

Consequently, petitioner's Rule 59 motion must be denied.

If petitioner intends to file a notice of appeal he should be aware that the time for filing an appeal runs for all parties from the date of entry of an order disposing of a timely filed Rule 59 motion. Fed. R. App. P. 4(a)(1)(A) provides that the notice of appeal may be filed by any party within 30 days after the entry of judgment or order appealed from. Therefore, if petitioner intends to file an appeal in this case, he has 30 days from the date of entry of this order in which to do so.

ORDER

IT IS ORDERED that petitioner Randy L. Forsterling's motion under Fed. R. Civ. P. 59 is DENIED.

Entered this 11th day of April, 2008.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge

4